IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

GLENN COOK,

    Petitioner,

vs.                           No. 06-2260-B/An

JACK MORGAN,

    Respondent.

_____

ORDER GRANTING MOTION TO FILE EVIDENCE
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

_____

Petitioner Glenn Cook, Tennessee Department of Correction ("TDOC") prisoner number 279188, who is currently an inmate at the Lois M. DeBerry Special Needs Facility ("SPND") in Nashville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254 on April 25, 2006. (D.E. 1.)[1] The Court issued an order on June 6, 2006, directing Respondent to file the state-court record and a response to the petition. (D.E. 3.) That order provided, in pertinent part, that

> [t]he response shall address whether, in light of the length of time the postconviction petition has been pending, the exhaustion requirement should be waived, in

_____

[1] Petitioner has not notified the Clerk of a change of address. However, in order to preserve Petitioner's appellate rights, the Clerk is directed to mail Petitioner a duplicate copy of this order at the SPND.

light of <u>Turner v. Bagley</u>, 401 F.3d 718, 722, 724-25 (6th Cir. 2005), or, in the alternative, whether 28 U.S.C. § 2254(b)(1)(B) is applicable in this case.

(<u>Id.</u> at 2.) Respondent filed his response on July 28, 2006. (D.E. 9.) On July 31, 2006, Respondent filed the state-court record. (D.E. 10, 12.)

On September 20, 2006, Petitioner filed a motion seeking leave to file various attachments that were submitted with the motion. (D.E. 13.) The motion is GRANTED, and the Court will consider those documents.

After the issuance of the Court's June 6, 2006 order, the state postconviction court apparently issued an order denying the petition for postconviction relief. (Addendum No. 1 (D.E. 10-2).) As the record before the Court did not show whether Petitioner appealed that decision (<u>see</u> D.E. 9 at 2), the Court issued an order on November 13, 2006 directing the parties to advise the Court "whether an appeal is pending and, if not, why no appeal was filed (D.E. 14 at 2). Specifically, the order provided as follows:

> Petitioner is ORDERED, within thirty (30) days of the date of entry of this order, to file a supplemental petition stating whether he filed an appeal of the denial of his postconviction petition and, if not, why he chose not to do so. Within thirty (30) days of the due date of Petitioner's supplement, Respondent is ORDERED to file either (i) a copy of the complete appeal-court record, if one exists; and (ii) a supplemental response addressing

2

the effect of an appeal, or a failure to appeal, on the viability of the petition.

(Id. at 2-3.) The parties did not respond, due to a typographical error in the title of the order, so the deadlines were extended on January 4, 2007. (D.E. 15.) Petitioner filed his response on January 12, 2007 (D.E. 16), and Respondent filed a motion to dismiss on January 24, 2007 (D.E. 17). Petitioner has not responded to the motion to dismiss, and the time set for response has expired.

I.   STATE COURT PROCEDURAL HISTORY

On or about September 30, 1997, Cook and his brother were convicted after a jury trial in the Shelby County Criminal Court of three counts of especially aggravated kidnaping, two counts of aggravated robbery, and one count of attempted aggravated robbery and of possession of a handgun in an occupied place. Cook was sentenced as a Range I offender to concurrent terms of twenty (20) years for each especially aggravated kidnaping conviction, ten (10) years for each aggravated robbery conviction, five (5) years for the attempted aggravated robbery conviction, and eleven (11) months and twenty-nine (29) days for the possession of a handgun conviction. The Tennessee Court of Criminal Appeals affirmed. State v. Cook, No. 02C01-9712-CR-00482, 1999 WL 450321 (Tenn. Crim. App. June 30, 1999), perm. app. denied (Tenn. Dec. 20, 1999).

On or about May 12, 2000, Cook filed a petition pursuant to the then-current version of the Tennessee Post-Conviction

3

Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in the Shelby
County Criminal Court. (D.E. 10-24 (Addendum 13) at 2-13.) Counsel
was appointed to represent Cook (D.E. 10-25 (Addendum 14) at 2),
and an amended petition was filed on or about October 31, 2000 (id.
at 3-5). At a hearing on September 26, 2001, Cook complained that
his attorney would not submit an additional amendment to his
petition and the Court permitted him to prosecute those claims pro
se. (D.E. 10-3 (Addendum 2).) The next hearing was held on October
31, 2000. Petitioner was proceeding pro se, with his appointed
attorney acting as elbow counsel. (D.E. 10-4 (Addendum 3).) At that
hearing, Petitioner presented evidence pertaining to the issues he
raised pro se. A third hearing was apparently held on January 3,
2002, but the transcript was not made part of the record in this
case. (See D.E. 10-31 (Addendum 20) at 2.)[2] On July 29, 2002, the
postconviction court issued an order denying Cook's pro se motion
to amend his petition. (D.E. 1-2 at 9-12.)[3] Various court dates
were repeatedly reset. (D.E. 10-20 (Addendum 9).) An order
appointing a new attorney to represent Petitioner was signed, nunc
pro tunc, on November 14, 2003. (D.E. 10-33 (Addendum 22) at 3.)

---

[2]     It is difficult to discern the precise course of events before the
postconviction court, as no docket sheet was filed and as the Addenda submitted
by Respondent are not in chronological order.

[3]     This order does not appear to be included in the state-court record
as submitted by Respondent, and the reason for its omission has not been
explained.

4

Counsel filed an amended petition on an unspecified date in 2003. (D.E. 10-24 (Addendum 13) at 14-19.)

Petitioner filed a pro se petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee, which was transferred to this district and docketed on March 22, 2004. In that petition, Cook argued that he should be excused from the exhaustion requirement of 28 U.S.C. § 2254(b)(1) because of the unreasonable delay of the state trial court in adjudicating his postconviction petition. On May 12, 2004, the Court issued an order dismissing the petition, sua sponte, without prejudice due to the failure to exhaust:

> The only ground that Petitioner asserts in support of this Court's ability to consider the unexhausted claims is that he is being hindered by the post conviction court from exhausting his claims by unreasonable delay. The Court's review of the post conviction proceeding in the state court indicates that numerous actions have been taken by the post conviction court, including a ruling on Petitioner's pro se motion to add additional claims to his complaint. The Court finds that Petitioner has failed to establish that circumstances exist that render the state post conviction process ineffective to protect his rights.
>
> District courts that dismiss claims pending exhaustion should dismiss only the unexhausted claims and should retain jurisdiction over any exhausted claims. . . . Petitioner has not included any exhausted claims in his habeas petition. Accordingly, the Court DISMISSES without prejudice Petitioner's habeas petition.

05/12/04 Order at 6, Cook v. Brandon, No. 04-2196-B/P (W.D. Tenn.). Judgment was entered on May 24, 2004. Cook filed a motion for

reconsideration, which was denied in an order issued on June 15, 2004. Cook did not appeal.

Back in state court, postconviction counsel filed a motion for a continuance of the hearing, which had been set for September 2, 2004, along with an amendment to the petition raising a claim under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). (D.E. 10-35 (Addendum 24).) The postconviction court conducted an evidentiary hearing on the petition on July 25, 2005 (D.E. 10-5 (Addendum 4)) and September 22, 2005 (D.E. 10-6 (Addendum 5)). On July 5, 2006, the postconviction court issued an order denying the petition. (Addendum 1 (D.E. 10-2).) Petitioner has represented that the denial of his postconviction petition is on appeal to the Tennessee Court of Criminal Appeals. (D.E. 16.)

II.  <u>PETITIONER'S FEDERAL HABEAS CLAIMS</u>

In this federal habeas petition, Cook raises the following issues:

1. Whether he was denied the effective assistance of counsel, in violation of the Sixth Amendment, prior to trial, at trial, and on direct appeal;

2. Whether his conviction resulted from prosecutorial misconduct and malicious prosecution, in violation of the Fifth, Sixth, and Fourteenth Amendments;

3. Whether his conviction was obtained by an unlawful arrest and an unlawful search and seizure, in violation of the Fourth, Fifth, and Fourteenth Amendments; and

4. Whether the trial court judge improperly limited the cross examination of the arresting officers in

violation of the Fifth, Sixth, and Fourteenth
Amendments.

III. <u>ANALYSIS OF THE MERITS</u>

Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

(1) An application for a writ of habeas corpus on
behalf of a person in custody pursuant to the
judgment of a State court shall not be granted
unless it appears that—

(A) the applicant has exhausted the remedies
available in the courts of the State;  or

(B) (i) there is an absence of available State
corrective process;  or

(ii) circumstances exist that render such
process ineffective to protect the rights
of the applicant.

(2) An application for a writ of habeas corpus may be
denied on the merits, notwithstanding the failure
of the applicant to exhaust the remedies available
in the courts of the State.

A habeas petitioner must first exhaust available state remedies
before requesting relief under § 2254. <u>See, e.g.</u>, <u>Granberry v.
Greer</u>, 481 U.S. 129, 133-34 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509,
519 (1982); Rule 4, Rules Governing Section 2254 Cases in the
United States District Courts ("Section 2254 Rules"). A petitioner
has failed to exhaust his available state remedies if he has the
opportunity to raise his claim by any available state procedure. 28
U.S.C. § 2254(c); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 477, 489-90
(1973).

To exhaust his state remedies, the petitioner must have
presented the very issue on which he seeks relief from the federal

7

courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" Id. at 163 (quoting Picard, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." Id.

In addition, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Id. When a petitioner raises different factual issues under the same legal theory, he is required to present each factual claim to the highest state court in order to exhaust his state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987). A petitioner has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim. Pillette, 824 F.2d at 497-98. Each claim must be presented to the state courts as a matter of federal law. "It is not enough that all the facts

8

necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred by this procedural default from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). However, the state-court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. Smith v. Digmon, 434 U.S. 332 (1978) (per curiam).

When a petitioner's claims have never been actually presented to the state courts, but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99

9

(1989); <u>Wainwright v. Sykes</u>, 433 U.S. at 87-88; <u>Rust</u>, 17 F.3d at 160.

A petitioner confronted with either variety of procedural default must show cause for the default and prejudice to obtain federal court review of his claim. <u>Teague</u>, 489 U.S. at 297-99; <u>Wainwright v. Sykes</u>, 433 U.S. at 87-88. Cause for a procedural default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule. <u>Coleman</u>, 501 U.S. at 752-53; <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750. The petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995) (quoting <u>Murray</u>, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Id.</u>

In this case, each of the claims presented in Cook's federal habeas petition were presented to the state courts during the postconviction proceeding. As the denial of that petition is currently on appeal to the Tennessee Court of Criminal Appeals,

there is no dispute that Cook has not fully exhausted his claims. Instead, Cook contends that he is excused from exhausting his claims due to the allegedly unreasonable delays by the postconviction court. See 28 U.S.C. §§ 2254(b)(i) & (ii).

There are some circumstances in which unreasonable delays by the state courts may relieve a habeas petitioner of the exhaustion requirement. In Turner v. Bagley, 401 F.3d 718, 724, 727 (6th Cir. 2005), for example, the Sixth Circuit granted an unconditional writ of habeas corpus where a prisoner's direct appeal had been pending in state court for more than eight years without the filing of an appellate brief by the prisoner's various appointed attorneys. That conclusion was not altered by the fact that, eleven (11) years after the filing of the notice of appeal and three years after the filing of the federal habeas petition, the state court affirmed the prisoner's conviction on the merits. Id. at 725-26. The Sixth Circuit explained:

> Turner's claim of appeal in the Ohio state court system languished for years without adjudication. The attorneys appointed by the state failed to prosecute his appeal, and the state court of appeals failed to insure timely representation. On the contrary, the state court continually postponed Turner's appeal by allowing four different attorneys to withdraw from the case without filing briefs. It allowed Turner's appeal to remain on the docket for nearly eleven years without meaningful attention. In cases such as Turner's "failures of court-appointed counsel and delays by the court are attributable to the state." . . .
>
> At the time he filed his federal habeas corpus petition, Turner was without recourse in state court. A habeas petitioner such as Turner who makes "frequent but

11

unavailing requests to have his appeal processed" in state court is "not required to take further futile steps in state court in order to be heard in federal court," even if the state court subsequently decides his appeal.

Id. (citations omitted).

Turner is distinguishable from the instant case because it involved a direct appeal, rather than a postconviction petition.[4] The Turner decision relied in part on the Sixth Circuit's decision in Workman v. Tate, 957 F.2d 1339 (6th Cir. 1992), which stated as follows:

Pursuant to 28 U.S.C. § 2254(b), habeas relief generally should not be granted until the prisoner has exhausted his state remedies, unless there exist "circumstances rendering such processes ineffective to protect the rights of the prisoner."[5]

Inordinate delay in adjudicating state court claims can be such a circumstance . . . , particularly where, as here, the state clearly is responsible for the delay. . . . Indeed, the principle that federal courts should defer to state courts in the interest of comity assumes that the state courts will give prompt consideration to claims of violation of constitutional rights.

Id. at 1344 (citations omitted). In Workman, the Sixth Circuit held that a habeas petitioner was excused from the exhaustion requirement where his "petition for post-conviction relief has languished in the state courts for more than three years." Id.

---

[4]     In his federal habeas petition, Turner raised claims of excessive delay in his direct appeal and ineffective assistance of appellate counsel. Id. at 722. As the prisoner was effectively deprived of a meaningful direct appeal, the Sixth Circuit concluded it was appropriate to issue an unconditional writ of habeas corpus. Id. at 727. There is no question that such relief would not be appropriate in this case even if Cook were excused from the exhaustion requirement.

[5]     This language was altered in the current version of the statute, which was enacted in 1996. See supra p. 7.

On the other hand, in <u>Tinsley v. O'Dea</u>, No. 97-5419, 1998 WL 124045 (6th Cir. Mar. 12, 1998), the Sixth Circuit affirmed the dismissal of a habeas petition in which the prisoner was complaining of a six-year delay in the adjudication of his postconviction petition:

> Most of the cases cited by Tinsley involved direct criminal appeals. Tinsley's direct appeal was promptly adjudicated by the Kentucky Supreme Court. A six-year delay in processing Tinsley's direct appeal clearly would have been inordinate.
>
> Although it may be argued that such a delay in a post-conviction relief proceeding poses a closer question, we need not decide that question since the parties have informed this court that, during the pendency of this appeal, the Lincoln Circuit Court denied Tinsley's motion for post-conviction relief in an order filed on June 4, 1997, and an amended order filed on August 1, 1997. Counsel was appointed to represent Tinsley in his appeal of that decision and his brief in that appeal was due to be filed with the Kentucky Court of Criminal Appeals on December 29, 1997. In light of this recent activity, and acting on the assumption that the Kentucky Court of Appeals will act promptly, we are prepared to conclude that the district court did not err in determining that federal intervention at this time would be premature. Our decision should not be interpreted as countenancing the delay of six years in processing this habeas corpus petition.

<u>Id.</u> at *3.

In his original response to the petition, which was filed on July 28, 2006, Respondent contends that the delay in the adjudication of the postconviction petition was attributable to Cook's many requests for continuances. (D.E. 9 at 2-3.) Specifically, Respondent contends that, between August, 2000 and August, 2003, Cook requested that hearings be reset on thirteen

13

(13) occasions, and he made four (4) requests between March, 2004
and July, 2006 (id. at 3). Petitioner has not presented any
argument that the delays in the adjudication of his postconviction
petition are attributable to the State.

Moreover, since the filing of this state habeas petition,
the postconviction court has issued an order denying the
postconviction petition on the merits, and Cook is presently
pursuing an appeal. Cook has presented no argument that he should
be permitted simultaneously to pursue the appeal of his
postconviction petition and this federal habeas petition.

The procedural posture of this case is identical to that
in Tinsley v. O'Dea, in which the Sixth Circuit concluded that
federal intervention would be inappropriate. Accordingly, the Court
GRANTS Respondent's motion to dismiss. As none of the issues
presented in the current petition has been exhausted, the Court
DISMISSES the petition without prejudice to its refiling once the
state adjudication of the postconviction petition has concluded.

IV.  APPEAL ISSUES

The Court must also determine whether to issue a
certificate of appealability ("COA"). The statute provides:

(1)  Unless a circuit justice or judge issues a
     certificate of appealability, an appeal may not be
     taken to the court of appeals from—

     (A)  the final order in a habeas corpus proceeding
          in which the detention complained of arises
          out of process issued by a State court; or

14

        (B)   the final order in a proceeding under section
            2255.

    (2)   A certificate of appealability may issue under
        paragraph (1) only if the applicant has made a
        substantial showing of the denial of a
        constitutional right.

    (3)   The certificate of appealability under paragraph
        (1) shall indicate which specific issue or issues
        satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would

15

> prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, Cook has failed to present any argument that the delay in adjudication of his petition is attributable to the state or that he should be permitted relief simultaneously in federal and state court. Therefore, any appeal by Petitioner on any of the issues raised in this petition does not deserve attention. The Court, therefore, DENIES a certificate of appealability.

---

[6]     By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

16

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal <u>in forma pauperis</u> in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. Accordingly, if Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth

17

Circuit Court of Appeals within thirty (30) days of the date of entry of this order.

IT IS SO ORDERED this 6th day of June, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE